UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THERESA GARNER,**

  **Plaintiff,**

v.

  Case No. 2:18-cv-1545
  JUDGE GEORGE C. SMITH
  Magistrate Judge Vascura

**DEPARTMENT OF DEFENSE,** *et al.*,

  **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon Plaintiff Theresa Garner's Motion to Dismiss for Lack of Jurisdiction; Second Motion for Judgment on the Pleadings; and Third Motion for Judgment on the Pleadings. (Docs. 37, 52, and 54). Defendants responded to all of Plaintiff's Motions. (Docs. 43, 53, and 57). Plaintiff filed a Reply in Support of her Motion to Dismiss for Lack of Jurisdiction and her Third Motion for Judgment on the Pleadings. (Docs. 49; 58). Plaintiff failed to reply to Defendants' opposition to her second motion and the time to do so has passed. Accordingly, this matter is ripe for review. For the reasons stated herein, all of Plaintiff's motions are **DENIED**.

### I. BACKGROUND

Plaintiff Theresa Garner ("Plaintiff" or "Garner"), a pro se litigant, commenced this action on November 29, 2018. (*See generally* Doc. 1, Compl.). On June 10, 2019, Plaintiff filed a six-count Second Amended Complaint[1] alleging: 1) racial discrimination; 2) age discrimination;

---

[1] The Court notes that there are two Second Amended Complaints on the docket. (*See* Docs. 33, 34). The Court construes Docket Entry 34 to be the Second Amended Complaint correctly before the Court.

3) retaliation; 4) a violation of the Americans with Disabilities Act; 5) hostile work environment; and 6) a violation of the False Claims Act. (*See* Doc. 34, SAC ¶¶ 61–74). Defendants filed an Answer to the Second Amended Complaint on June 20, 2018. (*See* Doc. 35, Answer to SAC).

Plaintiff is an African-American woman who is over the age of forty and, for the time period relevant to this action, she was employed by the Defense Logistics Agency ("DLA"), a component of the Department of Defense. (Doc. 34, SAC at 2). The over-arching incident that Plaintiff complains of is the DLA's failure to properly compensate her given her qualifications and tenure as a federal employee. (*Id.*). Plaintiff alleges that this failure was attributable to her race and age. Prior to her employment at the DLA, Plaintiff was employed by other federal agencies. (*See generally* Doc. 34, SAC). Plaintiff provided proof of her former federal employment to the DLA, including the benefits she received while working there as well as her annual salary. (*Id.* ¶ 28). Plaintiff submits that the DLA failed to:

> complete transfer of earned benefits, <u>delay of FMLA, failure to pay out earned benefits,</u> underfunded and miscalculated annuity payments, false certification to the Unemployment Office (UI) and OPM of Plaintiff's actual salaries, dual appointment, <u>FERS credible service,</u> and false certification while on leave without pay (LWOP) to the Unemployment Office AZ (UI)[.]

(Doc. 34, SAC at 2) (emphasis in original). Plaintiff also alleges that approximately one month into her employment, "DLA offered Plaintiff insurance coverage and she accepted." (*Id.* ¶ 33). Plaintiff asserts that, after one month of health insurance coverage, Defendant, without notifying Plaintiff, ceased providing her health insurance despite deducting payment for coverage from her paycheck. (*Id.* ¶¶ 29, 30, 32). Because of this alleged underpayment and denial of benefits, Plaintiff filed an administrative complaint. (*Id.* ¶ 47). After the filing of the administrative complaint, Plaintiff submits that she was retaliated against and she and her family were threatened on at least three different occasions. (*Id.* ¶¶ 25, 48). Consequently, Plaintiff was on leave without

pay status and/or Family Medical Leave Act leave from June 2017 until her retirement on May 8, 2018. (*Id.* ¶ 49).

Additionally, Plaintiff submits that she was treated differently than her similarly situated co-workers after she was injured while at work on November 4, 2016. After this incident, Plaintiff sought "compassionate reassignment" or transfer. (Doc. 34, SAC ¶ 26). And despite there being openings for which she was qualified, Defendant did not select to transfer Plaintiff. (*Id.*). Further, Plaintiff alleges that Defendant deactivated her credentials and deleted her workers' compensation application for the November 4, 2016 incident. (*Id.* ¶ 56). When Plaintiff's white, under-forty co-worker filed for workers' compensation, Defendant did not take these measures against Plaintiff's co-worker. (*Id.*). And when Plaintiff asked for workplace accommodations after she injured herself at work, Defendant suggested Plaintiff retire. (*Id.* ¶¶ 58–59).

This matter is before the Court on Plaintiff's motions for judgment on the pleadings. (*See* Doc. 37, Mot. for J. on Pl. 1; Doc. 52, Mot. for J. on Pl. 2; Doc. 54, Mot. for J. on Pl. 3). In her motions, Plaintiff asserts that judgment in her favor is warranted for three reasons: 1) Defendants' defenses are time-barred; 2) Defendants failed to plead its defenses with the requisite particularity; and 3) collateral estoppel precludes the re-litigation of some of the issues presently before this Court. (*See generally id.*). Defendants disagree and submit that Plaintiff's motions lack merit. (*See generally* Doc. 43, Opp'n to Mot. for J. on Pl. 1; Doc. 53, Opp'n to Mot. for J. on Pl. 2; Doc. 57, Opp'n to Mot. for J. on Pl. 3).

## II. STANDARD OF REVIEW

Plaintiff brings this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment

3

on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading will satisfy this plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679. The Court, however, must "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Such "lenient treatment has limits[,]" however, and the Court "should not have to guess at the nature of the claim asserted. . . ." *Id.* at 977 (internal quotations omitted).

4

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

### III. DISCUSSION

Plaintiff has filed three motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.[2] Plaintiff first asserts that she is entitled to judgment as a matter of law because:

> Defense's answers are deficient as it does not meet the particularity requirements of Federal Rule of Civil Procedure . . . 12(c), and is time barred by the 180 days' statute of limitations for compliance deadline, and respectively 60 days' statute of limitations for deadline requirements for completing a Report of Investigation (ROI) and Final Agency Decision (FAD).

(Doc. 37, Mot. for J. on Pl. 1 at 4). In her second motion, Plaintiff submits the same argument. (*See* Doc. 52, Mot. for J. on Pl. 2 at 1–2). Finally, in her third motion Plaintiff asserts that judgment on the pleadings in her favor is proper as "the litigation herein is barred and Res Judicata is applicable, [as] a prior Fact Finding was determined on all issues pertaining to this claim." (Doc. 54, Mot. for J on Pl. 3 at 3–4). Plaintiff additionally submitted several exhibits in support of her motions. Defendants oppose these motions. (*See* Doc. 43, Opp'n to Mot. for. J. on Pl. 1; Doc. 53 Opp'n to Mot. for J. on Pl. 2; Doc. 57, Opp'n to Mot. for J. on Pl. 3).

---

[2] The Court notes that Plaintiff also appears to submit that the Court lacks subject matter jurisdiction over the Defendants and, as such, she is entitled to relief. (*See* Doc. 37, Mot. for J. on Pl. 1 at 10–12). Plaintiff, however, is mistaken. First, the Court has subject matter jurisdiction over this matter as Plaintiff has asserted a claim which invokes federal question jurisdiction. Second, Plaintiff has asserted a claim against the federal government. Accordingly, this Court has subject matter jurisdiction over this matter. The Court will focus the remainder of this Opinion and Order on Plaintiff's request for judgment on the pleadings under Rule 12(c).

5

### A. Exhibits Not Attached to the Complaint

Before discussing the merits of the arguments made in Plaintiff's motions, the Court must first address the exhibits that Plaintiff has attached to her motions and the affidavits that she has filed in support of her Rule 12 motions.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "It is well-established that 'Rule 12(c) requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented evidence.'" *Northville Downs v. Granholm*, 622 F.3d 579, 585 (6th Cir. 2010) (quoting *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006)).

None of the exhibits attached to Plaintiff's Motions nor the affidavits that she has submitted in support of her motions were attached to her Complaint. Accordingly, it would be improper for the Court to consider such evidence when ruling on a Rule 12 motion. In her Reply, Plaintiff submits that the Court should convert her Rule 12 motions into motions for summary judgment. The Court is disinclined to do so as the arguments raised in these motions are more commonly addressed in motions brought under Rule 12 and not Rule 56 of the Federal Rules of Civil Procedure. As such, the documents submitted in support of her motions for judgment on the pleadings are excluded and the Court shall not consider these documents when ruling on the merits of the pending motions.

### B. Plaintiff's First and Second Motions

The Court now turns to the substance of Plaintiff's motions. Plaintiff's first two motions echo one another; in these motions, Plaintiff submits that Defendant's Answer is: 1) not plead with the requisite particularity; and 2) time-barred "by the 180 days' statute of limitations for

6

compliance deadline, and respectively 60 days' statute of limitations for deadline requirements for completing a Report of Investigation (ROI) and Final Agency Decision (FAD)." (*See* Doc. 37, Mot. for J. on Pl. 1 at 4, 8–9; Doc. 52-1, Ex. B to Mot for J. on Pl. 2). Defendant opposes Plaintiff's motions. (*See generally* Doc. 43, Opp'n to Mot. for J. on Pl. 1; Doc. 53, Opp'n to Mot. for J. on Pl. 2).

A review of the documents properly before the Court demonstrates that Plaintiff's first and second motions are without merit. For the purposes of these motions, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)) (internal quotations omitted). Here, Defendants are the non-moving parties and, as such, the Court must take the facts as asserted in Defendant's Answer as true.

In its Answer, "Defendant denies that no Final Agency Decision was issued. Defendant affirmatively states that a Final Agency Decision was issued on April 25, 2019." (Doc. 35, Answer to SAC at 1). Thus, for the purposes of these motions, the Court takes as true that a Final Agency Decision was issued on April 25, 2019. Plaintiff, however, asserts that "Defendant's time barred defenses were due on June 2, 2018 at the Office of Field Operation, (OFO) Default Summary Judgment Hearing. Defendant failed to appear or respond to the Notice of Hearing." (Doc. 49, Reply for Mot. for J. on Pl. 1 at 2). Plaintiff is mistaken. Defendants' alleged failure to timely issue a Final Agency Decision within the Agency's designated timeline does not negate that Defendant's filed a timely Answer to Plaintiff's Complaint and Defendants raised certain defenses

7

within its Answer. Accordingly, Plaintiff's assertion that Defendant's defenses are untimely is not well-taken.

Plaintiff's argument that Defendants' Answer fails to comply with the Federal Rules' particularity requirements is similarly unpersuasive. Defendants' Answer is pleaded with sufficient particularity under the Federal Rules of Civil Procedure.

### C. Plaintiff's Third Motion

Turning now to Plaintiff's third motion, the Court finds that such motion also lacks merit. In her third motion Plaintiff asserts collateral estoppel bars re-litigation of some of the issues before this Court. (Doc. 54, Mot. for J. on Pl. 3 at 4). Defendant responded in opposition to this motion. (*See generally* Doc. 57 Opp'n to Mot. for J. on Pl. 3).

"Under Ohio law, the doctrine of res judicata consists of the two related concepts of claim preclusion . . . and issue preclusion." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (internal quotations omitted). Plaintiff asserts issue preclusion and thus bears this burden. There are four elements that the party asserting issue preclusion must establish:

> (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Ga.-Pac. Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012)

Plaintiff asserts:

> In this Complaint, the agency has continues (sic) to demonstrate a pattern and practice of wrongful misconduct and then proceeds to litigate a final finding, Res judicata. If wrongful conduct persist (sic) Plaintiff can file successive complaints . . . .

\* \* \*

8

> The Defendant is barred under Collateral (sic) estoppel, also known as "issue preclusion," after failing to reveal the purpose of the shortage of the Plaintiff's benefits, underfunded annuity and other pending benefit matters in its SAC answer. The pertinent issue preclusion litigation took place FY2017 UI, final and binding, all issues relevant in Plaintiff's SAC was ruled in favor of the Plaintiff, even if the second action differs significantly from the first one.
>
> This new revelation, new information and new evidence undisclosed by the defendant in its answer, bars the defendant from relitigating (7) issues and all issues determined against the Defendant in an earlier final fact finding action at UI [the Arizona Unemployment Insurance Hearing] . . . and . . . at the OFO [Office of Field Operation] Default hearing time barred on June 2, 2018. No appearance or notice was made at "any" time for "any/all" hearings by defendant.

(Doc. 54, Mot. for J. on Pl. 3 at 8, 9) (citation omitted). In response, Defendants assert that there remains genuine issue of facts of this issue, which makes judgment on the pleadings improper. The Court agrees with Defendant. While Plaintiff asserts that a court has ruled on some of the issues presently before this Court, Plaintiff has failed to submit an opinion from such court. As such, this Court is unable to discern what the previous court has already decided and Plaintiff has failed to meet her burden.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motions to dismiss and for judgment on the pleadings are **DENIED**. Additionally, by issuance of this Opinion and Order, Plaintiff's Motion to Expedite (Doc. 64) is denied as moot.

The Clerk is directed to remove Documents 37, 52, 54, and 64 from the pending motions list.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

9